IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH WHITE,

    Plaintiff,

v.

L & W ENGINEERING, INC.

    Defendants
_____/

Case No.

Judge
Magistrate Judge

JURY DEMAND

## COMPLAINT

Plaintiff, Joseph White ("White"), worked for Defendant L & W Engineering for over three years when he was injured on the job, his disability was not reasonably accommodated, he was re-injured due to the lack of accommodation, and he was terminated soon after. Mr. White provided medical documentation of his disability and a request for accommodation. L & W never responded to Mr. White's doctor's note requesting accommodations, and Mr. White was forced to work without accommodations. When Mr. White was injured the second time, he could not work, and as a result, Mr. White was terminated. L & W refused to engage in an interactive process, failed to provide an accommodation, and instead told Mr. White he had to work full duty or go home. Accordingly, Mr. White files the instant Complaint for violations of the ADAAA, FMLA, the TDA and TPPA.

## PARTIES

1. Plaintiff, Mr. Joseph White, is a citizen and resident of Lebanon, Wilson County, Tennessee, and a former employee of Defendant. Plaintiff worked for Defendant in Lebanon, Wilson County, Tennessee.

1

2. Defendant L & W Engineering, Inc. ("L & W") is an assumed name for Southtec, LLC, a Limited Liability Corporation formed in Michigan and licensed to transact business in Tennessee. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

3. At all material times, Defendant White has been an employer as defined by the ADAAA, FMLA and under state law.

4. At all times material to this action, based on information and belief, Defendant L & W employed 15 or more employees for each working day during each of 20 or more calendar workweeks in 2017 and/or 2018 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

5. At all times material to this action, Plaintiff was an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

**JURISDICTION AND VENUE**

6. This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Count II); the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.,* as amended by the ADA Amendments Act of 2008 ("ADAAA") (Count III), and the Tennessee Public Protection Act ("TPPA") Tenn. Code Ann. §50-1-304.

7. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

8. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to 42 U.S.C. § 12101 *et. seq*, to wit: a charge of discrimination against L & W was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful

employment practice. the EEOC issued Plaintiff a Notice of Right to Sue and this action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

## FACTS

9. Plaintiff, Joseph White, worked for Defendant, L & W Engineering, Inc., for over three years as a production operator. He was hired on May 16, 2016 and was employed continuously until he was terminated after November 6, 2019.

10. Defendant L & W is a for-profit corporation. Production in the Lebanon, Tennessee facility involves automotive metal stampings and welded assemblies.

11. Mr. White is a qualified individual with a disability under 29 C.F.R. §1630.2(h)(1).

12. Mr. White was qualified for his job with Defendant and performed his job duties in a competent and satisfactory manner.

13. On or about April 22, 2019, Mr. White sustained an injury that was deemed work related.

14. Mr. White became eligible for FMLA leave after he reached 1 year of service and 1,250 hours.

15. On May 13, 2019, Mr. White received hernia repair surgery.

16. On June 5, 2019, Mr. White was allowed to return to work regularly, and on June 17, 2019 Mr. White returned to work, initially without restrictions.

17. Mr. White worked several days until he suffered re-injury and, per doctor's orders, went back out on leave from August 6, 2019 to August 16, 2019.

18. On August 16, 2019, White presented note from his doctor requesting accommodations. Dr. Nancy Barrett recommended that he "work light duty until evaluation by sports medicine, with no bending or lifting, and short periods of standing."

19. Mr. White turned in this note and was told that he had to work full duty or go home.

20. L & W ignored the doctor's letter and refused to accommodate Mr. White or engage in an interactive process with him.

21. On August 19, 2019, Mr. White returned to work on full duty because L & W refused to accommodate his disability.

22. On September 3, 2019, Mr. White saw his physician who diagnosed him with inguindynia, a post-operative chronic pain syndrome following hernia repair surgery that can be neuropathic and contribute to recurrence of a hernia, as well as have other long term impacts on person's physical health.

23. Mr. White's supervisor refused to allow him to work a light duty job, consistent with his restrictions, and on September 9, 2019, Mr. White suffered a re-injury on the job, told his supervisor that something bad was wrong and he requested medical attention. His supervisor informed him there was nothing wrong and refused to file a worker's compensation claim or otherwise address Mr. White's subsequent workplace injury. Mr. White left work to go to the emergency room. In the emergency room, Mr. White was re-diagnosed with a hernia. Mr. White was in extreme pain and was unable to return to work.

24. On September 13, 2019, L & W sent a letter requesting documentation to support the reason why Mr. White left work early on September, 9, 2019, because they had already determined the reason for leaving was not work related, but they did acknowledge his absence may be FMLA qualifying and provided FMLA paperwork for completion.

25. During this time, Mr. White continued to maintain that the re-injury was work related and requested worker's comp paperwork for it. He was repeatedly denied the right to file for worker's compensation, despite the fact that his subsequent injury occurred in the workplace.

26. On October 1, 2019, L & W sent Mr. White a letter requesting him to submit his FMLA paperwork by October 8, 2019.

27. Mr. White continued to communicate with his employer about his status as he had done since he had to leave work in September.

28. On October 7, 2019, Mr. White provided a completed "Associate Leave Request" form and signed HIPAA authorization and release, to support his request for a leave of absence, returned the FMLA paperwork, and included a letter to HR requesting a reasonable accommodation of medical leave.

29. On November 6, 2019, Defendant L & W terminated Mr. White for "Violation of the Leave of Absence Policy."

## Count I
## Violation of FMLA

30. Plaintiff restates and incorporates herein the foregoing paragraphs.

31. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

32. Defendant L & W are eligible employers under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

33. Defendant retaliated against Plaintiff by terminating him and refusing to return him to work after he applied for FMLA leave.

34. Defendant's actions constitute interference and/or retaliation violations of the FMLA.

35. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

36. Defendant's conduct harmed and caused damage to Plaintiff.

37. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## Count II
### Violation of TDA- Disability Discrimination/Retaliation

38. Plaintiff restates and incorporates herein the foregoing paragraphs.

39. Plaintiff was a qualified individual with a disability or regarded as disabled.

40. Plaintiff was discriminated against due to his disability or regarded as disabled.

41. Plaintiff was subjected to an adverse employment action, *i.e.*, termination, because of his disability.

42. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain and physical pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

43. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## Count III
### Violation of ADA/ADAAA- Disability Discrimination/Retaliation

44. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

45. Plaintiff was a qualified individual with a disability or regarded as disabled.

46. Defendant discriminated and retaliated against Plaintiff because of his workplace injury.

47. Defendant did not follow the Plaintiff's restrictions and did not enter into an interactive process with Plaintiff to determine whether his restrictions could be accommodated.

48. Plaintiff was retaliated against due to his requests for reasonable accommodation and terminated.

49. Defendant failed to engage in a meaningful interactive process in good faith with Plaintiff to determine whether it could accommodate his disability. In doing so, Defendant unilaterally determined that it would not and could not accommodate Plaintiff.

50. At no time after Mr. White requested light duty work following his hernia repair and recurrence did L & W enter into an interactive process with him to determine a reasonable accommodation.

51. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional and physical pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

52. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT IV
### Tennessee Public Protection Act

53. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

54. The THRA is a law in the State of Tennessee intended to protect the public health, safety or welfare.

55. As set forth above Defendant violated this act.

7

56. Defendant's actions in refusing to file a worker's compensation for Plaintiff and then punishing him for requesting and taking time off that should have been covered under worker's compensation constitute illegal activities under the Tennessee Public Protection Act (Whistleblower statute).

57. Plaintiff would state that he was discharged solely for engaging in protected activity in violation of Tenn. Code Ann. §50-1-304.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Reinstatement or front pay;

4. Damages for physical pain, embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages, where appropriate;

6. Liquidated damages under the FMLA;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled under the FMLA, ADAAA, TDA, and TPPA, including a declaration that Defendant violated his civil rights and training for Defendant's managers so that they will not continue to discriminate against other employees because of their disability.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099

8

Anne Bennett Hunter BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
*Attorneys for Plaintiff*

9

Case 3:20-cv-00918   Document 1   Filed 10/26/20   Page 9 of 9 PageID #: 9